UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | No. 2:24 CR 50 |
| ) | |
| COURTEAU D. GIVENS    ) | |

**OPINION and ORDER**

Courteau Givens has been charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (DE # 1.) Givens has four prior felonies for drug possession and resisting law enforcement. (*See* DE # 13.) He now moves to dismiss the indictment on Second Amendment grounds in light of the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 597 U.S. 1 (2022). (DE # 28.) For the following reasons, the motion is denied.

**I.    LEGAL STANDARD**

The Federal Rules of Criminal Procedure provide that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia,* 866 F.3d 782, 790 (7th Cir. 2017). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

## II. DISCUSSION

In *Bruen*, the Supreme Court established a two-prong framework for analyzing whether a challenged firearm regulation violates the Second Amendment. 597 U.S. 1 (2022). First, *Bruen* instructs courts to determine whether the Second Amendment's plain text covers an individual's conduct. If it does, the conduct is "presumptively protect[ed]," and the government bears the burden of demonstrating that the challenged regulation "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 17. The court assumes, *in arguendo*, that defendant's conduct is covered by the plain text of the Second Amendment, and thus proceeds to the second part of the *Bruen* analysis. *United States v. Regalado,* No. 3:23CR42 DRL, 2023 WL 9054039, at *2 (N.D. Ind. Dec. 20, 2023) (Leichty, J.) ("Consistent with the wisdom of deciding constitutional questions on their narrowest ground, the court will assume the Second Amendment applies and proceed directly to the historical analysis.").

The Supreme Court has not addressed the constitutionality of § 922(g)(1) after *Bruen*, nor has the Seventh Circuit.[1] The circuits that *have* addressed the issue are split. *Compare United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024) (constitutional)*; United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024) (constitutional as applied to defendant with

---

[1] The court notes that the Seventh Circuit heard argument on this issue on December 11, 2024, in *United States v. Prince*, No. 23-3155, and is likely to resolve this matter for district courts in this Circuit in the coming weeks. *See United States v. Mosby*, No. 24-1851, 2025 WL 289401, at *1 (7th Cir. Jan. 24, 2025) ("We have been holding in abeyance appeals involving convictions under § 922(g)(1) pending the outcome of [*Prince*], in which we will determine whether that statute violates the Second Amendment.").

predicate offense of theft); *United States v. Williams*, 113 F.4th 637, 662–63 (6th Cir. 2024) (facially constitutional and constitutional as applied to dangerous people); *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) (constitutional as applied to defendant with predicate non-violent drug offenses); *Vincent v. Bondi*, No. 21-4121, 2025 WL 453999 (10th Cir. Feb. 11, 2025) (constitutional under existing circuit precedent); *United States v. Cole*, No. 24-10877, 2025 WL 339894, at *4 (11th Cir. Jan. 30, 2025) (same) *with Range v. Att'y Gen. United States*, 124 F.4th 218, 228 (3d Cir. 2024) (unconstitutional as applied to defendant with predicate fraud offense).

In this circuit, district courts have been grappling with the issue, and most - but not all - courts have concluded that § 922(g)(1) is constitutional, though the reasoning in the opinions has differed. *See e.g. United States v. Mayers*, No. 2:24-CR-52-PPS-JEM, 2024 WL 5056992, at *3 (N.D. Ind. Dec. 10, 2024) (felons not class of citizens protected by Second Amendment); *United States v. Razo*, No. 2:23-CR-127-GSL-APR, 2024 WL 3291762, at *3 (N.D. Ind. July 3, 2024) (same); *United States v. Polk*, No. 1:23-CR-00166-JMS-TAB, 2024 WL 4216039, at *5 (S.D. Ind. Sept. 17, 2024) (§ 922(g)(1) consistent with Nation's historical tradition of firearm regulation); *United States v. Cole*, No. 24-CR-30018, 2025 WL 305459, at *7 (S.D. Ill. Jan. 27, 2025) (same); *but see United States v. Prince*, 700 F. Supp. 3d 663, 673 (N.D. Ill. 2023) (unconstitutional where government failed to demonstrate § 922(g)(1) consistent with history and tradition of firearm regulation).

3

In considering whether § 922(g)(1) is consistent with this Nation's historical tradition of firearm regulation, the court considers "whether the challenged regulation is consistent with the *principles* that underpin our regulatory tradition." *United States v. Rahimi*, 602 U.S. 680, 692 (2024) (emphasis added). "Why and how the regulation burdens the right are central to this inquiry." *Id.* "[I]f laws at the founding regulated firearm use to address particular problems, that will be a strong indicator that contemporary laws imposing similar restrictions for similar reasons fall within a permissible category of regulations." *Id.* A challenged regulation might not be a "dead ringer or a historical twin" to its historical precursor and nevertheless be analogous enough to pass constitutional muster. *Id.*

The Government has provided a well-reasoned and well-researched historical analysis, which this court now adopts. *See United States v. Taylor*, No. 3:24-CR-30015-NJR-1, 2025 WL 276543, at *3 (S.D. Ill. Jan. 23, 2025). As the Government establishes, by 1791, legislatures had an established tradition of exercising broad authority to disqualify categories of people from possessing firearms on the basis that these groups could not be trusted to adhere to the rule of law. The Government has provided a wide variety of examples from both English common law and the colonies where whole classes of people were disarmed on the basis that legislatures believed these groups had exhibited a willingness to disobey the law or otherwise failed to demonstrate loyalty to the government. These disarmament laws were not based on the dangerousness of the class of people being disarmed; the laws applied to those who, for

4

example, refused to renounce their Catholic faith, failed to take a loyalty oath, or libeled a legislative act. These regulations prioritized social order and respect for the law over a preexisting right to self-defense.

The Government further establishes that capital punishment or forfeiture of estate were commonly authorized punishments in the American colonies, even for some nonviolent offenses, such as forgery and horse theft. "With this perspective, it is difficult to conclude that the public, in 1791, would have understood someone facing death and estate forfeiture to be within the scope of those entitled to possess arms." *Medina v. Whitaker*, 913 F.3d 152, 158 (D.C. Cir. 2019).

As the Government has demonstrated in its brief, the "why and how" of the founding-era disarmament regulations are sufficiently analogous to § 922(g)(1)'s disarming of convicted felons so as to pass constitutional muster. These laws are motivated by the principle that certain groups of people cannot be trusted to adhere to the law, and the solution to this societal problem is the same: disarmament. The court finds that § 922(g)(1) is consistent with the principles that underpin this Nation's regulatory tradition. Therefore, Givens' motion to dismiss must be denied.

Finally, it is worth noting that the Seventh Circuit has voiced skepticism that *Bruen* is a proper vehicle for challenging the constitutionality of § 922(g)(1) in *United States v. Gay,* 98 F.4th 843, 846 (7th Cir. 2024). In that case, the Seventh Circuit commented that *Bruen*-based challenges to § 922(g)(1) are "hard to square" with previous Supreme Court holdings which all included language indicating that their

5

holdings do not disturb prohibitions on the possession of firearms by felons. *Id.* This commentary, while not definitive, suggests that lower courts should proceed with caution when examining *Bruen's* effect on § 922(g)(1). This court has attempted to heed that warning in making this decision today.

### III. CONCLUSION

For all of these reasons, the court finds § 922(g)(1) constitutional, both on its face and as applied to defendant, so the motion to dismiss (DE # 28) is **DENIED.**

**SO ORDERED.**

Date: February 24, 2025

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT